OPINION OF THE COURT
Howard E. Goldfluss, J.
The parties have requested an advance ruling prior to trial, as to the admissibility of expert psychiatric testimony. The defendant is charged with attempted murder in the second degree, attempted robbery in the first degree, and related crimes. He advises this court that pursuant to subdivision 1 of section 40.00 of the Penal Law he intends to enter the affirmative defense of duress. The psychiatric testimony referred to is claimed to be admissible for the purpose of corroborating the defendant’s duress allegations. He alleges further that it would be particularly admissible since in an affirmative defense it is his burden to establish that defense by a preponderance of the evidence (Penal Law, § 25.00).
The District Attorney objects on the ground that the defendant, by seeking admission of such psychiatric testimony, is in effect obtaining the benefit of an insanity defense without actually submitting one. He further objects on the ground that the examination of the defendant by the psychiatrist occurred in July of 1981, and the incident occurred in 1980. He maintains, therefore, that such testimony would not be competent on the issue of duress at the time of occurrence.
A reading of the psychiatric report made pursuant to GPL article 730 indicates that the defendant has a “tested intelligent quotient within the dull-normal range of intel *101 ligence, a score that is not reflective of his full potential which was estimated to be within average range.”
There is further reference to prior psychiatric history and treatment, but the report clearly states that the sole source of this information comes from the defendant himself. The psychiatrists conclude that the defendant suffers from depression and is possibly suicidal.
To this court, the significant and relevant portion of the report is the result of the Wechsler Adult Intelligence Scale which indicates a verbal I.Q. of 87 and a performance I.Q. of 90, leaving a full-scale I.Q. of 88 which represents a dull normal intelligence.
Testimony of such I.Q. finding is of some relevance to the intent and meaning of section 40.00 of the Penal Law which, as it applies here, provides “[i]n any prosecution for an offense, it is an affirmative defense that the defendant engaged in the proscribed conduct because he was coerced to do so by the use or threatened imminent use of unlawful physical force upon him or a third person, which force or threatened force a person of reasonable firmness in his situation would have been unable to resist.”
His level of intelligence may bear on his ability to resist, or vice versa. The question remains, is such evidence, even under these circumstances, admissible as competent evidence for any purpose.
In People v Brown (68 AD2d 503) the court held that psychiatric testimony concerning pressure on an individual to commit an act was not admitted as competent testimony where the defendant entered the defense of justification to a charge of escape from a penal institution. The court in the Brown case resolved the issue on the basis that the threat of imminent danger was not present.
Psychiatric testimony concerning a history of psychosis, neurosis, or mental disease, will not be admissible when offered to establish duress. However, these circumstances differ from the Brown case in that testimony concerning the intelligence level of the defendant would aid the jury in making the determination as to the ability of the defendant to resist acts or threats of duress which could affect his conduct. What weight such testimony should be given
*102 is of course for the jury to decide, but to the extent that it may be a factor that the jury may consider in deciding the issue of duress, this court will admit such testimony.